AUGUST BRUNKE, APPELLEE, v. ALBERT GRUBEN, APPELLANT.

FILED MARCH 20, 1909. No. 15,579.

Judgment: REVIVOR: DEFENSE. In proceedings by an assignee of a dormant judgment for a revivor thereof, the defendant admitted the recovery of the judgment and the assignment thereof to plaintiff, and denied that plaintiff was the real party in interest, without alleging that the assignee had in any way transferred or parted with his ownership of the judgment. *Held* to state no defense to the revivor proceedings.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed.*

*W. A. Bergstresser,* for appellant.

*W. H. Miller* and *Cole & Brown, contra.*

GOOD, C.

The defendant has appealed from an order of the district court reviving a dormant judgment in the name of the assignee thereof. The plaintiff, who is the assignee, in his motion and affidavit for revivor alleged the recovery of the judgment by one Henry Brunke, and set out a transcript of the judgment and a copy of the assignment, and alleged other facts entitling him to a revivor of the judgment. In response to the conditional order of revivor, the defendant answered, and alleged, among other things, "that the action on said note and the proceedings herein to revive said judgment were not prosecuted and are not now prosecuted in the name of the real party in interest, neither the said Henry Brunke, nor his assignee having any interest in the note or in the judgment sought

to be revived in this proceeding, and that these proceedings are not brought in the name of the real party in interest." A demurrer to this answer was sustained, and, defendant electing to stand upon his answer, an unconditional order of revivor was entered.

The defendant contends that his answer stated sufficient grounds to defeat the revivor of the judgment, and that he was entitled under the facts set up to prove that plaintiff was not the real party in interest. But one question is presented, viz.: Were there sufficient facts stated to show that plaintiff was not the real party in interest? Defendant by his answer admitted the, recovery of the judgment and the assignment thereof to the plaintiff. An assignee of a judgment is entitled to have the same revived in his own name and is the real party in interest. *Moline, Milburn & Stoddard Co. v. Van Boskirk*, 78 Neb. 728. The facts set up do not show any assignment or transfer of the judgment by the plaintiff. In the absence of any such allegations, the admission of an assignment of the judgment to plaintiff is an admission that he is the real party in interest. Pleading the mere conclusion that the proceedings are not brought in the name of the real party in interest amounts to naught when the facts pleaded negative such conclusion.

The defendant has not pointed out any error in the revivor proceedings, and we therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.